IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   INFORMATION

JOHN WACHOWIAK,   4:13cr47-RH
   a/k/a "Jack"
_____/

THE UNITED STATES ATTORNEY CHARGES:

## COUNT ONE

### INTRODUCTION

At all times material to this Information, unless otherwise specified:

1. Mainline Information Systems, Inc. ("Mainline"), was a corporation, located in Tallahassee, Florida, that provided information technology solutions and consulting services, and operated as a reseller of computer equipment and information technology.

2. **JOHN WACHOWIAK** and J.S. were employed by Mainline as account executives.

3. Mainline maintained monies and credits referred to as "Set-A-Side Funds" ("SAS funds") in a deferred revenue general ledger account, to be used for the purchase of goods and services for Mainline customers.

4.   Expenditures of SAS funds could be initiated by a customer's written request to Mainline through an account executive.

5.   Account executives had the ability to request the expenditure of SAS funds even without a customer's written request.

6.   Customer requests for the expenditure of SAS funds were transmitted by the Mainline account executive to Mainline's customer care department, which used SAS funds to purchase the goods and services requested by the customer.

7.   Mainline's customer care department directed that the goods and services purchased with SAS funds be delivered to a location designated by the account executive.

8.   Mainline account executives were paid a commission from SAS funds in compensation for their work on transactions involving purchases of goods and services from Mainline.

## THE CONSPIRACY

Between in or about December 2006 and in or about September 2010, in the Northern District of Florida and elsewhere, the defendant,

**JOHN WACHOWIAK,**
a/k/a "Jack,"

did knowingly and willfully combine, conspire, confederate, and agree with other persons to devise a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing this scheme, to cause wire communications to be transmitted in interstate commerce, in violation of Title 18, United States Code, Section 1343.

2

## MANNER AND MEANS

It was part of this conspiracy that:

1. The conspirators would request that Mainline use SAS funds to purchase specified computer equipment and information technology products (collectively "computer equipment").

2. In requesting that SAS funds be used to purchase the computer equipment, the conspirators would falsely represent that the purchases were for the use and benefit of Mainline customers.

3. In support of their requests to use SAS funds to purchase this computer equipment, the conspirators would transmit and cause to be transmitted to Mainline and its representatives forged and falsely-made emails, which had been fraudulently altered to make it appear that Mainline customers were requesting the purchase of the computer equipment.

4. By means of these false representations and others, the conspirators would cause Mainline to purchase and ship computer equipment, which the conspirators had fraudulently obtained with SAS funds, to locations and addresses designated by the conspirators, including the customers' business addresses and the conspirators' home addresses.

5. When the fraudulently-obtained computer equipment was delivered to a customer's business address, the conspirators would intercept and take possession of the equipment.

6. The conspirators would convert the fraudulently-obtained computer equipment to their own use and to the use of others who were not entitled to the equipment.

7. The conspirators would also sell the fraudulently-obtained equipment as "used equipment" and would share the proceeds from these sales.

8. The conspirators would obtain payment of sales commissions from Mainline in connection with the fraudulent orders of computer equipment described in paragraphs 1 through 4 of this section.

9. By this conduct, the conspirators embezzled and converted to their own use and to the use of others not entitled thereto approximately $982,495 in monies and property.

10. It was further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS TWO THROUGH EIGHT

The allegations of Count One of this Information are hereby realleged and incorporated by reference as if fully set forth herein.

Between in or about April 2007 and in or about September 2010, in the Northern District of Florida and elsewhere, the defendant,

**JOHN WACHOWIAK,**
a/k/a "Jack,"

did knowingly and willfully devise a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing this scheme, did knowingly cause wire communications to be transmitted in interstate commerce as set forth below:

| COUNT | DATE | ORDER NUMBER | COMMUNICATION |
|---|---|---|---|
| TWO | April 28, 2008 | 72031 | email |
| THREE | December 23, 2008 | 78909 | email |
| FOUR | July 8, 2009 | 91878 | email |
| FIVE | July 24, 2009 | 91878 | email |
| SIX | September 17, 2009 | 95254 | email |
| SEVEN | October 30, 2009 | 95142 | wire transfer |
| EIGHT | November 13, 2009 | 98139 | email |

In violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT NINE

Between in or about April 2007 and in or about September 2010, in the Northern District of Florida, the defendant,

**JOHN WACHOWIAK,**
a/k/a "Jack,"

did knowingly use without authority, a means of identification of another person, that is, the names and email addresses of J.D., G.N., and K.H. during and in relation to a felony

5

violation enumerated in Title 18, United States Code, Section 1028A(c), namely, conspiracy and wire fraud as charged in Counts One through Eight of this Information.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Eight of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

From his engagement in any or all of the violations alleged in Counts One through Eight of this Information, the defendant,

**JOHN WACHOWIAK,**
a/k/a "Jack,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of his right, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.  has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

*/s/ Pamela C. Marsh*         Apr. 1, 2013
PAMELA C. MARSH          DATE
United States Attorney

*/s/ Karen Rhew-Miller*         4/1/2013
KAREN RHEW-MILLER         DATE
Assistant United States Attorney

7